Frew *v.* Barto et al. (Heinbach, Aplnt.).

Argued May 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Wm. H. Neely,* with him *Kilker & Kilker,* for appellant.

*Solomon Hurwitz,* with him *Macey E. Klein,* for appellee.

OPINION BY MR. JUSTICE DREW, June 29, 1942:

Plaintiff, Dorothy Frew, brought this action in trespass for damages for injuries sustained in a collision of an automobile in which she was riding as a guest passenger and an automobile driven by the original defendant, R. E. Barto. He joined as additional defendants William Spittler, the driver of the car in which plaintiff was riding, Adam I. Heinbach, Spittler's employer—a dealer who had the car for sale—and Warren Yeiser, its owner, alleging that the accident was the result of the sole or joint negligence of Spittler, as agent of Heinbach, and Yeiser, the owner.

At the trial a verdict was directed for Yeiser, there being nothing other than ownership to connect him with the accident. The jury returned a verdict in favor of Barto, and a verdict against Spittler and Heinbach. After motions for judgment n. o. v. and a new trial were overruled, and judgment entered on the verdict, Heinbach alone appealed. He insists there was not sufficient competent evidence to establish that Spittler was his agent at the time of the accident and that he was then

acting within the scope of his authority, for which reason his motion for judgment should have been sustained.

The facts necessary to determine the question are briefly as follows: Yeiser had given his car to Heinbach to sell, and at the time of the accident it was being driven by Spittler acting under the instructions of Robert Zerbe, who was also an employee of Heinbach and at times acted as manager of his business. The dealer's tags of Heinbach were upon the car, and in it were Spittler, Zerbe, Mrs. Gully and plaintiff. According to Mrs. Gully's testimony, Zerbe was demonstrating the car for the purpose of sale at the time of the accident. She testified that some weeks previously she had discussed the purchase of a car with Heinbach and Zerbe, that Heinbach had stated to him that she was a good propect and directed him to keep after her, and that Zerbe later saw her several times. She further testified that on the night of the accident he arrived with Spittler and the car pursuant to a telephone call from her asking for a demonstration; that plaintiff, on Zerbe's invitation and her own, went with them, and that while Spittler drove, Zerbe gave her a "sales talk", telling her the car was a good buy, that it had a new set of tires, that it pulled hills well, did not use much gas, and that the price was $500. Plaintiff corroborated much of Mrs. Gully's testimony, as did Zerbe and appellant himself.

Heinbach was called as under cross-examination, and after admitting his license plates were on the car, denied that Spittler or Zerbe had his authority to sell or demonstrate cars. He contends that this testimony was uncontradicted, and that since it was adduced in plaintiff's case, it was binding upon plaintiff on the question of Spittler's authority to drive the car, under the rule of *Dunmore v. Padden,* 262 Pa. 436, that one who calls an adverse party as on cross-examination is concluded by his testimony, if it is uncontradicted. That there is nothing in this contention is evident, because as indicated there is an abundance of testimony flatly contradicting Heinbach's statement.

It is conceded that defendant's license plates were upon the car at the time of the accident. This alone created a rebuttable presumption that the car belonged to the owner of the tags and was driven by his servant in the scope of his employment: *Morgan v. Heinel Motors, Inc.,* 329 Pa. 360. This, without more, would require the submission of these questions to the jury, even though rebutted by the uncontradicted oral testimony of the defendant's witnesses: *Conley v. Mervis,* 324 Pa. 577, 580. Defendant contends, however, that because this presumption was rebutted by his own testimony when called for cross-examination, he is entitled to judgment n. o. v. This contention is fallacious because it was still for the jury to decide the question, and also because plaintiff did not rest her case, so far as agency is concerned, solely on the rebuttable presumption arising from ownership of the license plates, but also upon the testimony of herself and Mrs. Gully: *Dugan et al. v. McGara's, Inc.,* 344 Pa. 460. If we accept this testimony as true, and resolve any doubts in it in favor of plaintiff, as we must in considering a motion for judgment n. o. v. (*Shedlock v. Wyoming V. Autobus Co.,* 340 Pa. 377), we find from the record that even if the car in question had not carried defendant's plates, there was sufficient competent evidence to justify a finding that Spittler and Zerbe were engaged in the course of their employment for and on the business of defendant at the time of the accident. Therefore, the rebuttal of the presumption of agency arising from the dealer's license plates did not leave the record without other independent testimony of agency. The true rule is that one who calls an adverse party as on cross-examination is concluded by his testimony, if uncontradicted, but plaintiff "shall not be concluded thereby, but may rebut it by counter testimony": Act of April 15, 1869, P. L. 30, section 2; *Dunmore v. Padden,* supra; *Marach v. Kooistra,* 329 Pa. 324, 328; *Readshaw v. Montgomery,* 313 Pa. 206, 209; *Burke v. Kennedy,* 286 Pa. 344, 349. Defendant's tes-

timony regarding agency having been rebutted, plaintiff was not concluded by it, and the question was for the jury. The motion for judgment n. o. v. was properly refused.

In support of the motion for a new trial, appellant assigns as error the action of the learned court below in admitting testimony concerning plaintiff's life expectancy based on the American Mortality Tables, and in permitting the jury to award damages for loss of future earnings for a possible life expectancy of 37 years. He alleges there was no evidence of plaintiff's habits and way of living, and that such was necessary to permit consideration of the Tables to show the probable duration of her life. The learned trial judge carefully charged the jury on this subject. The record shows that at the time of the accident plaintiff was 25 years of age, that she was supporting herself and her child by working for $15.00 a week in a hosiery mill, the nature of which work was described in detail, that she occasionally assisted Mrs. Gully in her restaurant, as she had the night of the accident, and that she had always been in good health. It further appears that on the night in question she was invited to accompany Mrs. Gully on the demonstration and that although they stopped at one or two places for refreshments, she drank no intoxicating liquor. There is not a word in the record to reflect unfavorably upon her character or habits, the whole picture being that of a normal woman of her age. From this evidence a sufficiently detailed account of her health, habits, and mode of life was presented to the jury to justify its consideration of her life expectancy. It is admitted the charge to the jury was sufficient. We have found no reason which would justify granting a new trial.

Judgment affirmed.