Weisbrode et ux. *v.* Thomas, Appellant, et al.

Argued April 30, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Daniel H. McConnell,* for appellant.

*A. M. Oliver,* with him *Sachs & Caplan,* for appellees.

OPINION BY STADTFELD, J., July 16, 1943:

This case involves an action of trespass instituted by husband and wife plaintiffs, appellees herein, for personal injuries and damages to the husband's automobile arising out of an automobile accident. The defendants, E. C. Thomas, the appellant, and David L. O'Laughlin, each filed an affidavit of defense raising the question of agency. The cases were tried before a jury and resulted in a verdict for David L. O'Laughlin and against the defendant Thomas, the husband being awarded the sum of $1000 and the wife $150.

The facts out of which the action arose are as follows: On Sunday, July 30, 1939, the day of the accident, David L. O'Laughlin drove his car to the service station of the defendant, E. C. Thomas, to get his car serviced as he had done on numerous previous occasions. He spoke to the station attendant, one Jack Betlan, an employee of the appellant, Thomas, who was in full charge at times when the appellant was absent. O'Laughlin asked Betlan if the former could have the car greased, oiled, and washed. Betlan said he could take care of that. Upon O'Laughlin's query Betlan said he would bring the car to the station and take it back to O'Laughlin's residence when it was done. Betlan then summoned a colored man, Leroy Jones, who accompanied O'Laughlin to his home and who then drove the car back to the station where it was serviced. O'Laughlin testified that he had no conversation with the colored man at all. Betlan had told O'Laughlin that he would return the car to O'Laughlin's home at

5:00 P.M. the same day, in two or three hours. He seemed to be handling the station at the time the arrangements were made for servicing the car, though Thomas testified that he was somewhere about the premises at the time. Betlan was in court but did not testify. At about 5:00 P.M. Leroy Jones, while driving the car of O'Laughlin to the latter's home, collided with the car of the plaintiffs. Jones was, at the time, wearing an overall jacket with an Esso emblem on it, as did others of the service station employees.

The defendant Thomas was called as for cross-examination and admitted that Jack Betlan was working on the day of the accident as an employee; that he was one of the senior employees at the station and was in charge at times when he himself was absent; that he did not see the O'Laughlin car come into the station though he was at the station at the time and did not know the car had been there until after the accident had occurred; that he had no contact at all with the defendant, O'Laughlin; that he did not wash cars, but maintained facilities there for the benefit of customers who wished to wash their own cars; that Jones sometimes brought in a car, washed it, and took it out again; and that Jack Betlan had no authority to send Jones home with O'Laughlin's car.

Jones testified that he was taking the car back to O'Laughlin so that he could collect his money for his work in washing and polishing the car.

The only assignment of error is the overruling by the court below of the appellant's motion for judgment non obstante veredicto.

Whatever inferences were rebutted by the appellant as on cross-examination, he did not and could not effectively rebut the inferences of agency arising from the conversation that took place between Betlan and O'Laughlin the day of the accident, for the appellant, though at the station at the time, did not witness or take part in the conversation. And Betlan, under the

facts stated, had apparent authority, after several prior dealings with O'Laughlin, to bind his master, despite the latter's denial of Betlan's authority to assign to anybody the task of driving cars away from the premises and delivering them. This was not a case of a presumption and a matter for the court to decide, but rather a case requiring the submission to a jury of contradictory items of evidence which could only be considered and decided by a jury.

The only item of evidence which could possibly have raised a presumption of agency under the decisions of this Commonwealth was that adduced concerning the wearing by Jones of the overalls bearing the Esso insignia. If so, the court below correctly based its decision on *Frew v. Barto,* 345 Pa. 217, 26 A. 2d 905, where it was said at page 220: "It is conceded that defendant's license plates were upon the car at the time of the accident. This alone created a rebuttable presumption that the car belonged to the owner of the tags and was driven by his servant in the scope of his employment: Morgan v. Heinel Motors, Inc., 329 Pa. 360. This, without more, would require the submission of these questions to the jury even though rebutted by the uncontradicted oral testimony of the defendant's witnesses: Conley v. Mervis, 324 Pa. 577, 580. Defendant contends, however, that because this presumption was rebutted by his own testimony when called for cross-examination, he is entitled to judgment n.o.v. This contention is fallacious because it was still for the jury to decide the question, and also because plaintiff did not rest her case, so far as agency is concerned, solely on the rebuttable presumption arising from ownership of the license plates, but also upon the testimony of herself and Mrs. Gully: Dugan et al. v. McGara's, Inc., 344 Pa. 460."

Viewing the case in its entirety, we are of the opinion that the case was properly submitted to the jury on its facts and the judgments are affirmed, with the assignment of error overruled.