Kunkel, Appellant, *v.* Vogt.

280

Argued April 11, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*G. Levering Arnhold,* for appellant.

*H. P. Abramson,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 29, 1946:

Plaintiff, injured in a collision between his wagon and defendant's truck, brought suit for damages. At the trial he called the driver of the truck as his own witness. The driver testified that he was using the truck on his personal business at the time of the accident. There was no other evidence in regard to his agency. Under such circumstances was plaintiff entitled to have his case sub-

mitted to the jury? The court below said "no" and entered a judgment of nonsuit. The judgment must, in our opinion, be affirmed.

As the truck was a commercial vehicle and admittedly owned by defendant, a factual presumption arose that it was being operated on his business: *Marach v. Kooistra*, 329 Pa. 324, 326, 327, 198 A. 66, 67, 68; *Dugan v. McGara's, Inc.*, 344 Pa. 460, 462, 25 A. 2d 718, 719. That presumption was not in itself evidence but merely a guide-post indicating the side upon which was cast the burden of going forward with the evidence: *Watkins v. Prudential Insurance Co.*, 315 Pa. 497, 173 A. 644; *MacDonald, Admrx. v. Pennsylvania R. R. Co.*, 348 Pa. 558, 566, 567, 36 A. 2d 492, 496; *Roop v. Greenfield*, 352 Pa. 232, 236, 42 A. 2d 614, 616. Ordinarily it would have been sufficient to shift that burden to defendant and take plaintiff's case to the jury even though subsequently rebutted by defendant's witnesses: *Frew v. Barto*, 345 Pa. 217, 220, 26 A. 2d 905, 906.

In the present instance plaintiff did not choose to rest his case upon the presumption.[1] He called as his witness one Johnson, the operator of the truck, who testified that he was regularly employed by defendant as a helper, not as a driver, but on the day of the accident, which was a Saturday, after he had quit work at the noon hour, defendant asked him, as a favor, to take the truck to an automobile repair shop at 4400 North Front Street and there buy a cap for the distributor. Defendant told him that he might then drive the truck home and that he need not bring it back to defendant's place of business until the following Monday morning. Johnson testified that on previous occasions defendant had similarly allowed him to keep the truck over a weekend and use it during that period for his own purposes. Johnson bought the cap and, about two o'clock in the afternoon, drove to his home at 21st and York Streets, where he

---

[1] "Striving to better, oft we mar what's well": King Lear, Act 1, Scene IV.

bathed and changed his clothes, and, around five o'clock, drove to 25th and Huntingdon Streets, some five or six squares from his residence, where he bought some ice. The accident happened at the corner of 22nd and York Streets on his way home with the ice. From this recital it is clear that Johnson was not operating the truck within the scope of his employment or on defendant's business at the time of the accident, and, as there was no other evidence in regard to his agency, the presumption which plaintiff might otherwise have invoked was wholly lost, since it could not stand in the face of the testimony of his own witness to the contrary: *Felski v. Zeidman,* 281 Pa. 419, 421, 126 A. 794, 795; *Hartig v. American Ice Co.,* 290 Pa. 21, 31, 137 A. 867, 870; *Conley v. Mervis,* 324 Pa. 577, 587, 188 A. 350, 355; *Bender v. Welsh,* 344 Pa. 392, 397, 25 A. 2d 182, 185; *Gibson v. Blowers Paint Service,* 140 Pa. Superior Ct. 216, 225, 14 A. 2d 154, 158.

What apparently induced plaintiff's counsel to call Johnson was the fact that the latter had made an oral statement to one Smith, shortly after the accident, to the effect that it was "on the way down" to his home that he stopped for the ice,—the intimation being that the accident happened before he arrived there from the automobile repair shop and not on a subsequent expedition of his own. Johnson's testimony being contrary to this alleged statement, plaintiff's counsel asked leave to cross-examine him, but the trial judge refused such permission. This was a matter within the court's discretion (*Commonwealth v. Turza,* 340 Pa. 128, 137, 16 A. 2d 401, 406).[2] Counsel then sought to retrieve the situation by calling Smith to the witness stand and having him testify as to the statement which Johnson had made; not only, however, was the statement itself vague and ambiguous, but it was admissible solely for the purpose of impeaching Johnson's credibility and not of establishing the fact of his agency: *Scheer v. Melville,* 279 Pa. 401, 123 A.

---

[2] The refusal of permission to cross-examine Johnson was not excepted to and is not assigned as error on this appeal.

853; *Harrah v. Montour R. R. Co.,* 321 Pa. 526, 184 A. 666; *Stiegelmann v. Ackman,* 351 Pa. 592, 598, 41 A. 2d 679, 682.

There is another and indeed conclusive reason why a nonsuit was inevitable. It clearly appears from Johnson's testimony that after he had purchased the cap for the distributor he was to have the full and unrestricted use of the truck, his only obligation being to return it to defendant's place of business the following Monday morning, so that from the moment he left the repair shop he was no longer acting within the scope of his employment nor driving the truck for defendant's benefit. Even if, therefore, he was on his way home for the first time when the accident occurred, that journey was for his own convenience and not on his employer's business; consequently defendant was not liable for the accident and the mere fact that he owned the truck was shorn of either substantive or procedural significance.

Judgment affirmed.