## Heinz et ux. v. Borish et al.

*C. H. Wells, 3rd,* for plaintiffs.
*Frank W. Walsh,* for defendant Borish.

FARR, P. J., forty-fourth judicial district, specially presiding, May 31, 1949.—A jury rendered a verdict for plaintiffs against both defendants and this motion is for judgment n. o. v. as to Borish, there being no appearance by Santino.

On the night of December 13, 1945, plaintiffs were the owners of an eight-room duplex home on Moosic Street in Scranton. At the time a tractor belonging to defendant Borish left the highway and crashed into plaintiffs' house doing damage to the lawn, house and furniture. The tractor at the time was drawing a trailer loaded with 13 tons of freight. The trailer was the property of defendant Nicholas Santino. The tractor belonging to Santino and the trailer belonging to Borish were found in a garage a short distance back of the accident on same highway.

The question involved is: Was the driver of the Borish tractor at the time of the accident the servant of Borish and engaged in the master's business?

Borish was engaged in the trucking business in Binghamton, N. Y., and Ted Richards was his driver. He owned a combination tractor and trailer and on this occasion Richards, starting December 11, 1945, took a load of chemical supplies to New York City. It was the custom and very desirable on such trips to procure a return load. Richards endeavored to procure such return freight but being unsuccessful, called Borish informing him of such failure and was instructed by Borish to return to Binghamton empty. But for some unexplained reason, the trailer belonging to Santino was attached to Borish's tractor and Borish's trailer was attached to Santino's tractor. How far they, the drivers, thus proceeded or what circumstances caused this interchange, is not shown.

We left the question of whether Richards at the time was the servant or agent of Borish and engaged in his business to the jury. No exceptions were taken

to the charge and no arguments were made to the jury, defendant hanging his whole case upon the legal proposition mentioned.

Borish, defendant, was called by plaintiffs as upon cross-examination, and testified in effect: That in December 1945, he had an employe, Ted Richards, working for him and that he was driving a tractor and trailer combination at the time of the accident on December 13, 1945. That Richards made delivery of electrical supplies to New York; that he started back on the 13th, and that it was part of the trip, the trip that he was on, to take the load down to New York and then come back home, and that he was on his way home when the accident occurred, and that Scranton is on the normal route of the driver coming back to Binghamton. In the same connection Borish was examined by his own attorney and testified in effect that Richards was driving a 1945 Brockway tractor with a 1941 Fruehauf trailer, and that it was a combination unit, separate and distinct units, but that they could be linked up so that the tractor would draw the trailer; that Richards called Borish from New York stating that he could not get a load back to Binghamton; that it was the practice to call at a couple places in New York to try to get a load from there back to Binghamton, and that if Richards did not get such a load it was his duty to call Borish, defendant, and inquire whether he should stay over until the next day or come back empty; that Richards did call Borish and told him he could not get a load and that Borish told him to return to Binghamton empty; that Borish received a telephone message that his tractor had been involved in an accident and went to Scranton to the place of the accident and found his tractor in the cellar of plaintiffs, and the trailer belonging to Santino rolled over on the lawn near where the tractor had gone into the cellar; that he found Santino's trac-

tor and his, Borish's, trailer in a garage some short distance back; that he never gave any permission to Richards to transfer any tractor of his to any trailer belonging to anybody else.

There was no name on the Borish tractor but Santino's name appeared on his trailer.

Plaintiff called Borish as upon cross-examination as permitted under the Evidence Act of May 25, 1887, P. L. 158, sec. 7. Under the circumstances heretofore related, plaintiff became bound by the testimony of Borish that Richards was his employe; that the tractor was his; that Richards was instructed to return empty and that the exchange of trailers was without his (Borish's) knowledge or consent: Kunkel v. Vogt, 354 Pa. 279.

The evidence is silent as to what the motive was for making the interchange of trailers. It was probably accommodation. In the operation of this class of vehicle, the driver is often hundreds of miles from the master, cast upon his own, rolling through the night, with little contact with others, except those similarly engaged.

The motive power involved belonged to defendant, Borish. The servant Richards was employed because of his skill in operating this power. He was operating it at the time in the direction and on the highway required by defendant and it was through the servant's negligence in operating this power that the injury resulted. No one will question that Borish had the right of control at the time of the accident. He must have had control or right of control to continue the relation of master and servant: Siidekum, Admr., v. Animal Rescue League of Pittsburgh et al., 353 Pa. 408. But in this case the servant abandoned a part of the required service and continued to perform the main part, viz., operating the tractor for the master. In taking the Santino trailer, he was serving his own

purposes whatever they may have been. In Jones v. Lozier, 195 Iowa 365, 191 N. W. 103, the servant was employed to deliver flour. Along the route he picked up a girl friend and permitted her to drive and through her negligent driving a fatal accident occurred. It was held that though the driver deviated from his employment and was using the truck for his own pleasure, he was also using it in furtherance of his master's business, thus rendering the master liable for his negligence in the operation thereof.

"A person may be the servant of two masters, not joint employers, at one time as to one act, provided that the service to one does not involve the abandonment of service to the other": A. L. I. Restatement of the Law of Agency §226, and cases cited in the Pennsylvania Annotations, and in section 229:

"(1) To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.

"(2) In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:

"(g) The similarity in quality of the act done to the act authorized." And section 236, "An act may be within the scope of employment, although done in part to serve the purposes of the servant or of a third person."

It seems to us that these general principles and the Pennsylvania cases cited rule this case and render the master liable.

It appears that the reporter got the name of the employe "Ted Rogers". It should be "Ted Richards", and the record is amended accordingly.

The verdict was for $3,500, which is in excess of damages proved. The amount proved is $2,759.95.

Therefore, the motion for judgment n. o. v. is refused, the rule discharged and it is ordered that judgment be entered in favor of plaintiffs and against John Borish, defendant, and Nicholas Santino, if judgment has not already been entered against him, for $2,759.95. To which defense attorney excepts and at his request a bill is sealed.