Frank PORTO, Plaintiff,

v.

John J. PEDEN and Albert J. Peden, individually and trading and doing business as Peden Bros., a partnership, Defendants.

Civ. A. No. 62–769.

United States District Court
W. D. Pennsylvania.

Aug. 11, 1964.

Frank Lewis, Beaver Falls, Pa., Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

Sanford M. Chilcote of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

In this diversity negligence action the jury returned a verdict in favor of the defendants upon which judgment was entered. The plaintiff timely moved for a new trial assigning 9 reasons therefor. In our opinion the motion should be denied.

The first reason assigned states: "1. The judgment is contrary to the legal and competent evidence."

■ We do not think this ground has any merit. The verdict of the jury was in accordance with the evidence and the law. The evidence was overwhelming that Jay Pore, the operator of the vehicle involved, was an employee of Lincoln Homes Company (a non-party) and at the time of the accident was engaged solely in its business. The jury specifi-

cally found by way of a special interrogatory that the defendants did not have the right to control or direct the driving of Pore at the time and place of the accident. The case was submitted to the jury because the truck, admittedly owned by the defendants, was being used commercially, and a witness for plaintiff testified that the name of the defendant partnership was printed on its doors (T., pp. 152–153, 156, 158). This evidence produced a presumption or inference that Pore was the agent of the defendants at the time of the accident and that he was using the truck in the defendants' business. Capozi v. Hearst Publishing Co., Inc., 371 Pa. 503, 92 A. 2d 177 (1952); Kunkle v. Vogt, 354 Pa. 279, 47 A.2d 195 (1946); Thatcher v. Pierce, 281 Pa. 16, 125 A. 302 (1924).[1]

■ On the other hand, the defendants' evidence, if believed, established that they leased their truck to Lincoln Homes Company, that Pore was employed solely by the latter Company, and otherwise effectively rebutted any presumption or inference that Pore was the agent of the defendants.[2] The verdict indicates that plaintiff sued the wrong parties.[3]

Grounds 2 through 8 complain of the admission in evidence of defendants' Exhibits A and B, copies of agreements by which the defendants leased certain motor equipment to Lincoln Homes Company, including the truck involved.

Grounds 2, 7, and 8 are bottomed on the proposition that since the leases were not affirmatively pleaded in the Answer

1. Evidence was produced in plaintiff's case which may have effectively destroyed the presumption. See defendants' Exhibits A and B (T., pp. 191–192, 196, 198–199, 205). Cf. Kunkle v. Vogt, supra, 354 Pa. at p. 282, 47 A.2d 195.

2. Evidence was produced by defendants that only the name of the lessee, Lincoln Homes Company, was printed on the doors of the truck (T., pp. 244, 290).

3. Plaintiff did not file his Complaint until thirty days prior to the running of the

statute of limitations; service upon defendants was not perfected until 17 days prior thereto. The defendants' Answer was timely served the day after the statutory period had expired. Thus it was plaintiff's delay which has prevented him from effectively suing Lincoln Homes Company which, he learned from subsequent pretrial proceedings, was the driver's alleged employer. Plaintiff did not choose to sue Pore, the driver, who revealed his identity immediately after the accident.

(Rule 8(c), Fed.R.Civ.P.), they should not have been admitted into evidence.[4]

■ In our opinion, Rule 8(c) does not require that a lease of a defendant's property be pleaded in the Answer. Complying with Rule 8(b), the defendants admitted that they owned the truck involved and specifically denied employment of the driver (Answer, ¶ 3). The specific denial of agency warned plaintiff that he must prove agency as part of his prima facie case; such a denial is a negative defense, contradistinguished from an affirmative defense. We hold that the leases and any other evidence negativing employment of Pore by the defendants were admissible in evidence without any condition precedent that such facts have been specifically pleaded by the defendants in their Answer.[5]

■ There is no merit in grounds 3, 4, 5, and 6, which also challenge the admissibility of the lease agreements. A copy of the original lease was sent out with the jury with the provision for liability insurance deleted therefrom. This was done in compliance with the case of Capozi v. Hearst Publishing Co., Inc., supra, 371 Pa. pp. 515–519, 92 A. 2d 177, cited with approval in Jamison v. A. M. Byers Company, 330 F.2d 657, 662 (3d Cir. 1964).

The lease agreements were properly authenticated by John J. Peden, who testified that he had signed same, had seen the other parties thereto affix their signatures, and that the leases were in full force and effect at the time of the accident (T., pp. 192, 196–198, 205, 241–243). The agreements were relevant and "of evidential importance in establishing the legal relationship between" the defendants and Lincoln Homes Company and the operator of the truck. Cf. Capozi v. Hearst Publishing Co., Inc., supra, 371 Pa. p. 517, 92 A.2d 177.

Ground 9 states: "The Court erred in its instructions to the jury when the jury requested additional instructions."

The plaintiff took a general exception to the additional instructions [6] (T., p. 460). In his brief he argues that the court, sua sponte, should have instructed the jury on the doctrine of estoppel. No such specific request was made by plaintiff nor was any specific objection made by plaintiff because of the failure of the court to so charge. Plaintiff did not comply with Rule 51, Fed.R.Civ.P.

■ Nonetheless, on the merits, we point out that the elements of estoppel were not proved at the trial. As appears in footnote 3, the Answer, which specifically denied agency, was timely served the day after the statute of limitations had run. Insofar as the evidence shows, nothing was done by defendants prior to or after the Complaint was served which prejudiced or misled the plaintiff.

Plaintiff argues that defendants should have been estopped from denying the agency of the driver, because by their silence during the two-year limitation period they admitted the employment of Pore. But plaintiff did not show any duty on the part of defendants to speak concerning the employment of Pore until the Complaint was served on them 17 days before the limitation period expired. Only then did defendants have a duty to

---

4. At the trial the court considered the Answer amended (T., pp. 193, 352) against the possibility that Rule 8(c) might require that the leases be affirmatively pleaded. The plaintiff was not surprised by these exhibits because they were attached to defendants' pretrial statement which had been filed over 9 months prior to trial.

5. See: 2 Moore, Federal Practice, ¶ 8.27 (2d ed. 1962); Zielinski v. Philadelphia Piers, 139 F.Supp. 408 (E.D.Pa.1956),

relied upon by plaintiff, is inapposite for in that case the Answer contained a wholly uninformative *general* denial and the defendant otherwise misled the plaintiff concerning the issue of agency until after the statute of limitations had run. Such egregious circumstances were not proved in the case here.

6. Previously, plaintiff had been warned that a general exception did not "mean anything". (T., p. 441).

admit or deny the employment of Pore. They performed that duty in their Answer to the Complaint, admitting ownership of the vehicle involved, but specifically denying agency.

Plaintiff emphasizes that in early 1961, his counsel wrote two letters regarding the accident which defendants received and turned over to their representative without replying thereto. But the letters or their contents were not introduced into evidence (T., p. 261). In such circumstances, we do not think that there should ensue admission of agency by silence, cf. Levin v. Van Horn, 412 Pa. 322, 194 A.2d 419 (1963), and most certainly for this reason, it would have been error for the court, sua sponte, to have estopped the defendants from denying agency. It is our opinion that the defendants were not under any duty to advise that plaintiff had sued the wrong parties other than in their Answer, which, although timely served, was too late for plaintiff to correct his "mistake". However, the record does not, in our opinion, disclose that that "mistake", if it was such, was fostered by any act of commission or omission on the part of the defendants.[7][8]

In his brief, plaintiff also argues that the lease agreements should not have been admitted in evidence since they were in violation of the public policy of Pennsylvania. At trial plaintiff cited 66 Purdon's Pa.Stat.Ann. § 1122 and § 1184 in support of his objections which were overruled (T., pp. 194, 195) for the reason that it did not appear that either the lessor or the lessee was a "public utility" within the meaning of those sections.[9]

 In his brief, plaintiff belatedly cites 66 Purdon's Pa.Stat.Ann. § 1304 in support of his trial objection; he quotes from § 1102(7) and § 1309. These citations come too late to help plaintiff.

But even if the defendant partnership may be classified as a contract carrier[10] (which is extremely doubtful) and be deemed under a duty to file its leases with the Public Utility Commission[11] (also doubtful), nonetheless, we think, the leases were admissible in evidence to show the relationship between defendants and Lincoln Homes Company and their agreement with respect to the truck involved and the operator who drove it. Cf. Capozi v. Hearst Publishing Co., Inc., supra.

An appropriate order will be entered refusing a new trial.

---

7. What the representative of the insurance carrier might have done or said is not in evidence.

8. No facts of estoppel were suggested in the pretrial proceedings. Estoppel was not in issue at the trial. We do not recall that this principle was invoked or the term mentioned by plaintiff's counsel during the trial.

9. 66 Purdon's Pa.Stat.Ann. § 1102(17).

10. 66 Purdon's Pa.Stat.Ann. § 1102(7).

