No. 85-174

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

JAMES A. STILLMAN and JULIA A.
STILLMAN,

   Plaintiffs and Appellants,

  -vs-

FERGUS COUNTY, MONTANA, and CITY
OF LEWISTOWN, MONTANA, both acting
through their joint CITY-COUNTY
PLANNING BOARD and BOARD OF ADJUSTMENT,

   Defendants and Respondents.

---

APPEAL FROM: District Court of the Tenth Judicial District,
      In and for the County of Fergus,
      The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

   For Appellants:

     Torger S. Oaas, Lewistown, Montana

   For Respondents:

     Joseph P. Gilligan; Smith, Baillie & Walsh, Great
     Falls, Montana
     Thomas P. Meissner, Lewistown, Montana

---

      Submitted on Briefs: Aug. 22, 1985

         Decided: March 4, 1986

Filed: MAR 4 - 1986

_____
      Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The Stillmans appeal from an order of the Fergus County District Court dismissing their complaint for damages as to defendant Fergus County. The dismissal was granted pursuant to Fergus County's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, and the court entered a final judgment pursuant to Rule 54(b).

Reversed.

The sole issue raised by appellants is whether the District Court properly granted respondent Fergus County's motion to dismiss for failure to state a claim.

In deciding a motion to dismiss, the District Court can consider matters of public record as well as the allegations in the complaint. All well-pleaded allegations are deemed admitted. A motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff could prove no set of facts entitling him to relief. Willson v. Taylor (Mont. 1981), 634 P.2d 1180, 38 St.Rep. 1606.

The zoning plan of Fergus County and the City of Lewistown involves two entities. The Board of Adjustments is an agency of the city and has the authority to grant zoning variances. The City-County Planning Board has certain duties regarding notice, and serves in an advisory capacity to the Board of Adjustments. The Zoning Coordinator and Planning Director, John Hughes, is an employee of the Planning Board.

Jerry Cloyd's home is located next to appellant's home in Lewistown, Montana. Both homes are in an area zoned "Residential Two Family" (R-2) under Lewistown's zoning plan.

Cloyd applied to the Zoning Coordinator for a variance to allow him to build an addition extending two feet into the five foot side yard set-back area.

Hughes sent out notices on Planning Board stationery to various Lewistown residents informing them of Cloyd's application. Appellants received this notice. Appellants allege these notices were inadequate, misleading, and incorrect.

Cloyd was granted the variance. Appellants allege the Planning Board and the Board of Adjustments granted this variance and that it was granted without proper notice, without a legal hearing, and without considering the legal requirements for the allowance of a variance.

The District Court dismissed appellant's claim as to Fergus County. The court ruled that no set of circumstances could be established to render Fergus County liable for the acts alleged in the complaint. The order contained no findings of fact, but in the transcript the judge concluded that the Board of Adjustments has the exclusive power to grant zoning variances and the Board of Adjustments is an agent of the City of Lewistown. The Planning Board serves only in an advisory capacity. Therefore, the county is not responsible for the actions of the Board of Adjustments including the granting of the variance. This conclusion is incorrect for two reasons.

First, the appellants may be able to show that the Planning Board is directly liable to appellants because of acts committed by the Planning Board itself, through its employee, Hughes. The notice sent by Hughes to appellants stated that Cloyd "requested a variance to allow him to extend his kitchen 2 feet." Cloyd's actual request was for a variance to extend his kitchen 2 feet into the side yard

- 3 -

set-back area for a total extension of 13 feet. This notice sent to appellants may give rise to liability of the Planning Board under a theory of negligence, estoppel, or reliance, regardless of which entity actually granted the variance.

Second, even if appellant's claim is based upon an agency theory, this may not preclude liability of the county. While there are no Montana cases on this subject, there is a long line of California cases which hold that, normally, allegations of agency are questions of fact and should not be decided on motion for summary judgment. Skopp v. Weaver (Ca. 1976), 546 P.2d 307; Farr v. Bramblett (Ca. 1955), 281 P.2d 372. However, when dealing with a government entity, such as a county, this is not always true. A principal cannot delegate authority it does not possess. The authority of Fergus County, the Planning Board, and the Board of Adjustments is a matter of public record. So a claim of agency involving a government principal can be decided on motion for summary judgment by establishing the authority of the principal which, as a matter of public record, all citizens are charged with knowing. If the principal does not have the authority necessary to establish an agency relationship, a motion to dismiss is proper.

However, while a government principal's authority may be limited by law, the principal may go beyond that authority in its day to day activities. In other words, while an agency relationship may be precluded by law, such a relationship may still exist in fact.

This is especially possible in the case at bar, where the two entities in question, the Planning Board and the Board of Adjustments, work closely together and deal with the same subject, zoning. Evidence of the two groups' close

association is a matter of public record. The Lewistown Municipal Zoning Ordinance provides that the Board of Adjustments has the power to grant variances. Applications for variances are directed to the Zoning Coordinator, an employee of the Planning Board. The Zoning Coordinator then consults with other departments of the city to fully evaluate the impact of the variance, studies the application with reference to its appropriateness and effect on land use, provides various notices for publication and to specified individuals, reports his findings to the Board of Adjustments, and other similar duties.

This active participation in the zoning variance process by the Zoning Coordinator is sufficient to support an argument that Fergus County is liable to appellants. Appellants should be given the opportunity to show that Fergus County, through its agents, the Planning Board and Zoning Coordinator, actively participated in the granting of the allegedly erroneous variance. If discovery proves the non-existence of an agency relationship, then Fergus County may obtain a summary judgment. If appellants' proof at trial fails to raise a jury question as to the existence of this agency relationship, then Fergus County may obtain a directed verdict.

We cannot agree that in the present situation appellants can prove no set of facts entitling them to relief. Therefore, the order of the District Court dismissing appellants' claim against Fergus County is reversed.

Reversed.

William E. Hunt
Justice

- 5 -

We Concur:

_____
      Chief Justice

_John Conway Harrison_____
      Justice

Mr. Justice Frank B. Morrison, Jr. specially concurs as follows:

I concur in the result. The only issue presented to this Court concerns the question of agency.

The purpose of this concurring opinion is to stress that we are not deciding the question of whether either Fergus County or the City of Lewistown can be held liable in tort for the negligence of either their servants or agents while exercising discretion in the discharge of their official duties. That question was not presented to the trial court nor is it before this Court. I assume that question will be presented on summary judgment.

_____
Justice

Mr. Justice Fred J. Weber joins in the special concurrence of Mr. Justice Frank B. Morrison.

_____
Justice

Mr. Chief Justice J. A. Turnage joins in the special concurrent of Mr. Justice Frank B. Morrison, Jr.

_____
Chief Justice

7