No. 88-239

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

LARRY STERRETT and GLORIA STERRETT,

        Plaintiffs and Appellants,

  -vs-

MILK RIVER PRODUCTION CREDIT ASSOCIATION,
et al.,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Seventeenth Judicial District,
In and for the County of Blaine,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Theodore K. Thompson argued, Havre, Montana

    For Respondent:

        Martin S King argued, Worden, Thane & Haines, Missoula,
Montana
John Paul; Alexander & Baucus, Great Falls, Montana

Submitted:  September 22, 1988

Decided:  November 3, 1988

FILED
Filed: '88 NOV 3 AM 10 03
CLERK MONTANA SUPREME COURT

_Ethel M. Harrison_

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Seventeenth Judicial District, in and for the County of Blaine, involves Larry and Gloria Sterrett's claim in tort against the Federal Intermediate Credit Bank of Spokane (FICBS). We affirm.

Sterretts want damages from FICBS based on the alleged misrepresentations of Sid Boe, an employee of the Milk River Production Credit Association (MRPCA). The District Court granted FICBS's motion for summary judgment concluding that no agency relationship existed between MRPCA and FICBS, and thus FICBS could not be vicariously liable for the alleged misrepresentations of MRPCA's employee Boe. We affirm because we find no statutory, express, or implied authority to Boe from FICBS which would bind FICBS for Boe's actions.

The relevant facts are as follows: Sterretts entered an agreement with Clay McCartney in April of 1980, which provided that Sterretts would farm McCartney's land. Sid Boe, employee of MRPCA, set up the financing for farming McCartney's land. From 1980 to 1982, Sterretts borrowed from MRPCA for operating expenses and equipment to farm the land, and McCartney borrowed from MRPCA to pay Sterretts for the farming. During these years McCartney co-signed the note obligating Sterretts. In 1983, McCartney did not co-sign for Sterretts' note, and Sterretts' personal property secured the loan.

Sterretts farmed McCartney's land in 1983, and when they billed McCartney for the farming, McCartney informed them that he had been unable to obtain the loan from MRPCA to pay Sterretts. Sterretts have alleged in this action that they relied on the representations of Sid Boe that McCartney would receive the loan when they farmed the land in 1983.

2

Sterretts present the following issues for review:

(1) Whether the District Court failed to recognize that issues of agency were not specifically pleaded by plaintiffs in their complaint?

(2) Whether FICBS failed to properly raise lack of agency as an affirmative defense in its answer to the complaint?

(3) Whether issues of agency are susceptible to summary judgment?

(4) Whether the Federal District Court's decision on agency provides the law of the case?

## I.

Sterretts argument on the first issue is that they specifically pleaded active negligence on the part of FICBS, and that the lower court erred in not recognizing discovery facts raising the question of FICBS's active negligence. The facts supporting this argument grow from supervisory duties exercised by FICBS over MRPCA. Sterretts point out that these duties include: pre-approving loans, controlling internal operations, providing training for employees, billing for supervisory and examination expenses, approving the board of directors, setting salary ranges, approving and setting the salary of the president, and establishing performance rating guidelines for salary adjustments and salary ranges. Sterretts also allege that FICBS paid Sid Boe's salary, and thus Sid Boe acted as FICBS's agent.

FICBS responds that their duties by federal statute include supervision of PCA operations. 12 U.S.C. § 2072(15) (1982). Under federal case law, according to FICBS, the regulatory function exercised by FICBS over MRPCA creates no agency relationship. FICBS also argues that under federal law the separate corporate nature of the two entities under

3

their enabling statutes mandates the conclusion that no agency exists. FICBS also argues that unless MRPCA's employee Boe was FICBS's agent, there can be no liability on the part of FICBS.

Sterretts also cite 12 U.S.C. § 2072(15) (1982), as the statute authorizing the supervision which allegedly gives rise to the agency relationship. The statute authorizes supervision by Federal Intermediate Credit Banks over Production Credit Associations to:

> Approve the salary scale of the officers and employees of the association and the appointment and compensation of the chief executive officer thereof and supervise the exercise by the production credit associations of the functions vested in or delegated to them.

12 U.S.C. § 2072(15) (1982). An identical statute enables Federal Land Bank supervision over Federal Land Bank Associations to:

> Approve the salary scale of the officers and employees of the Federal land bank associations and the appointment and compensation of the chief executive officer thereof and supervise the exercise by such associations of the functions vested in or delegated to them.

12 U.S.C. § 2012(13) (1982). Except for the entities involved, the statutes are identical. The Fifth Circuit Court of Appeals in Federal Deposit Insurance Corp. v. Langley (1986), 792 F.2d 547, interpreted 12 U.S.C. § 2012(13) (1982), to determine if the supervision exercised by the Federal Land Banks over the Federal Land Bank Associations created a principal-agency relationship between the two entities. The plaintiff in Langley alleged that the supervision exercised pursuant to the statute created the

4

relationship between the Federal Land Bank Association of Opelousas and the Federal Land Bank of Jackson (formerly the Federal Land Bank of New Orleans). The Court rejected the argument holding that the separate corporate structures and functions of the organizations mandated a finding that no agency relationship arose from the supervision. Langley, 792 F.2d at 549. The entities at issue here are similarly separate in their organization and function. See 12 U.S.C. §§ 2071 to- 2094 (1982). And, the supervisory duties alleged to create the agency relationship arise from an identical statute. Thus, Langley provides strong support for FICBS's argument.

However, Sterretts attempt to distinguish Langley. They claim that Langley rests on the fact that the plaintiffs in Langley sued the wrong Federal Land Bank. According to Sterretts, the Federal Land Bank of Jackson did not participate directly in the loan obligation at issue, and thus no agency existed. Sterretts misread the case.

There were two Federal Land Bank Associations in Langley, not two Federal Land Banks. The facts show that the Federal Land Bank of Jackson approved and disbursed the loan at issue, and that the Federal Land Bank of Jackson also sued to collect the debt. Langley, 792 F.2d at 547-48. The confusion in Langley relates to which Federal Land Bank Association was involved in the loan. The plaintiffs in Langley alleged that the president of the Federal Land Bank Association of Opelousas defrauded them, while the undisputed facts showed that the Federal Land Bank Association of Baton Rouge processed their loan application. The effect of this flaw in the claim lead the Court to comment first on the supervisory duties of the Federal Land Bank of Jackson, and then on the inconsistent allegations as follows:

5

the Langleys fail to demonstrate how such a regulatory function converts an officer of an association (which was not even responsible for the loan application) into an agent of the FLBJ [Federal Land Bank of Jackson].

Langley, 792 F.2d at 549. The Court's analysis of the statutory relationship between the two entities provides the main thrust of the opinion. We agree with Langley that supervision exercised according to federal statute by FICBS over MRPCA did not create an agency relationship.

Sterretts offer no facts demonstrating any activity by FICBS in the loan outside FICBS's supervisory duties which would amount to an actual agency, or active negligence. There is also a lack of facts showing any ostensible agency. Thus, we agree with the District Court that Sterretts' argument depends on the creation of an agency under federal law, and that no such agency exists.

## II.

Sterretts argue that lack of agency must be raised as an affirmative defense under Rule 8(c), M.R.Civ.P., and that FICBS cannot now claim the defense because it failed to raise the issue when it answered Sterretts' complaint. Lack of agency is not explicitly denominated as an affirmative defense under Rule 8(c). However, Sterretts claim that lack of agency should be included under language in the Rule which mandates that a defendant affirmatively plead, "... any other matter constituting an avoidance or affirmative defense ...". Rule 8(c), M.R.Civ.P. Sterretts cite no cases to support this position. FICBS responds that lack of agency is not an affirmative defense, and that its general denial of the

6

allegation that Sid Boe acted as its agent was sufficient for raising agency as an issue.

In contrast to affirmative defenses under Rule 8(c), M.R.Civ.P., negative defenses are pleaded according to Rule 8(b), M.R.Civ.P. Rule 8(b):

> is concerned with negative defenses--those that controvert the adversary's claim. Rule 8(c), on the other hand, is concerned with affirmative defenses--the pleading of matter that is not within the claimant's prima facie case.

2A J. Moore, Moore's Federal Practice § 8.27 (2d ed. 1982). The issue here may be framed as whether lack of agency is a negative or an affirmative defense.

Facing a similar claim under Rule 8(c), F.R.Civ.P., in Porto v. Peden (W.D. Pa. 1964), 233 F.Supp. 178, the Court stated:

> The specific denial of agency warned plaintiff that he must prove agency as part of his prima facie case; such a denial is a negative defense, contradistinguished from an affirmative defense.

Porto, 233 F.Supp. at 180. We agree with Porto's conclusion that lack of agency constitutes a negative defense, and hold that FICBS's general denial of agency complies with the applicable requirements under Rule 8(b), M.R.Civ.P. See Grimsley v. Estate of Spencer (1983), 206 Mont. 184, 199, 670 P.2d 85, 93 (general denial has the effect of putting every material allegation in dispute). Thus, we affirm on this issue.

## III.

Sterretts argue that the agency issue here should not have been decided on summary judgment. According to

7

Sterretts, normally agency issues are questions for the jury, and here the jury should have decided whether MRPCA's employee acted as agent for FICBS.

FICBS responds that there is no blanket prohibition for granting summary judgment on agency issues. FICBS also contends that Sterretts failed to present evidence creating a material question of fact on the agency issue.

This Court in Stillman v. Fergus County (Mont. 1986), 715 P.2d 43, 43 St.Rep. 396, stated:

> While there are no Montana cases on the subject, there is a long line of California cases which hold that, normally, allegations of agency are questions of fact and should not be decided on motion for summary judgment. ... However, when dealing with a government entity, such as a county, this is not always true. A principal cannot delegate authority it does not possess.

Stillman, 715 P.2d at 44. As previously noted, Langley mandates the conclusion that FICBS's supervisory duties do not create an agency relationship between FICBS and MRPCA's employees.

Except for the allegations and facts presented on FICBS's supervision pursuant to federal statute, Sterretts have failed to show participation by FICBS in the loan made by MRPCA. Once FICBS made its argument on the effect of Langley, Sterretts had the burden of coming forward with facts demonstrating participation by FICBS which would create a material fact question on the agency issue. In the absence of such a showing, summary judgment was appropriate. Fleming v. Fleming Farms (Mont. 1986), 717 P.2d 1103, 1106, 43 St.Rep. 776, 779. Thus we affirm on this issue.

IV.

Sterretts maintain that when the Federal District Court declined jurisdiction and remanded this case "for trial", it settled the agency issue and precluded summary judgment. We disagree.

Generally, courts lacking subject matter jurisdiction over a cause of action have no power to adjudicate issues in the action. See Restatement of Judgments § 7 (1942). The basis for the Federal District Court's decision to deny FICBS's removal petition was lack of subject matter jurisdiction. Thus, the Court, already having found itself without subject matter jurisdiction, had no power to decide the agency issue. AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9