SEE, Justice.
Diane Turner sued her co-employee Michael Playes; Hayes’s supervisor, Levon Henley; and her employer, Atmore Community Hospital (“Atmore Hospital”), alleging, among other things, battery and invasion of privacy. The claims arose from Hayes’s alleged sexually harassing conduct toward her. The trial court issued an order that, among other things, granted a summary judgment for Atmore Hospital. The Court of Civil Appeals reversed that summary judgment, holding that Atmore Hospital could be liable for Hayes’s conduct toward Turner. See Turner v. Hayes, 719 So.2d 1184 (Ala.Civ.App.1997). We granted Atmore Hospital’s petition for certiorari review to consider one question: Whether Atmore Hospital could be held liable for Hayes’s alleged battery and invasion of privacy. Because we hold that Turner failed to present substantial evidence that would support a holding making Atmore Hospital liable for Hayes’s conduct, we reverse that portion of the judgment of the Court of Civil Appeals that concerns Atmore Hospital’s liability.
I.
Viewed in the light most favorable to Turner, the nonmovant, the evidence before the trial court at the summary judgment stage indicated that Turner worked for Atmore Hospital from October 1992 to May 1994, and that Hayes was her supervisor. Turner alleges that Hayes sexually harassed her and that she reported Hayes’s conduct to Henley, Atmore Hospital’s administrator. After Henley spoke with Hayes, the alleged sexual harassment stopped. However, Turner alleges that Hayes retaliated against her by withholding her time card and computer password. Henley ordered Hayes to give Turner the time card and password, and he did. Hayes did not withhold the time card or password again. Turner also alleges that Hayes subsequently threw a box of computer labels at her and that it landed beside her feet. Henley was not present when this incident occurred. Turner quit her job that day because, she alleges, Atmore Hospital failed to adequately deal with Hayes’s tor-tious conduct.
Turner sued Hayes, Henley, and Atmore Hospital, alleging outrage, battery, and invasion of privacy. The trial court entered a summary judgment in favor of Hayes on Turner’s outrage claim, but not on her battery and invasion of privacy claims. The trial court also entered a summary judgment in favor of Henley and Atmore Hospital on all the claims, holding that neither Henley nor Atmore Hospital was liable for Hayes’s conduct. The Court of Civil Appeals af- *1193 finned the summary judgment in favor of Hayes, and thus in favor of Henley and Atmore Hospital, on the outrage claim, and affirmed the summary judgment in favor of Henley on all claims. The Court of Civil Appeals also affirmed the trial court’s order striking certain evidence submitted by Turner in opposition to the defendants’ summary judgment motion. However, the Court of Civil Appeals reversed the summary judgment in favor of Atmore Hospital on the battery and invasion-of-privacy claims, holding that as to those claims there was a genuine issue of material fact as to whether Atmore Hospital was liable for Hayes’s conduct. We address only this last holding.
II.
A summary judgment is proper where there is no genuine issue of material fact as to the claims asserted and the movant is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Booker v. United American Ins. Co., 700 So.2d 1333, 1334 (Ala.1997). Initially, the movant has the burden to make a prima facie showing that there is no genuine issue of material fact. Booker, 700 So.2d at 1334. Such a showing shifts the burden to the nonmovant to present substantial evidence as to each element of the claim challenged by the movant. Id.; Kidd v. Kilpatrick Chevrolet, Inc., 613 So.2d 336, 338 (Ala.1993).
Atmore Hospital met its burden by making a prima facie showing that it was not responsible for Hayes’s alleged battery of Turner and his alleged invasion of her privacy. It showed that Henley, the hospital administrator, met with Hayes and instructed him not to touch Turner in an offensive manner or to intrude into her privacy. Further, Atmore Hospital presented evidence indicating that Henley subsequently instructed Hayes to return Turner’s computer password and time card.[1] This prima facie showing shifted the burden to Turner to present substantial evidence of each challenged element of her battery and invasion of privacy claims and substantial evidence of facts that would make Atmore Hospital liable for Hayes’s alleged tortious conduct.

A. The Underlying Substantive Claims

To succeed on a claim alleging battery, a plaintiff must establish: (1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner. Surrency v. Harbison, 489 So.2d 1097, 1104 (Ala.1986); Restatement (Second) of Torts § 18 (1965).
*1194 Turner presented evidence indicating that Hayes touched her waist, rubbed against her when passing her in the hall, poked her in the armpits near the breast area, and touched her leg. Turner also presented evidence indicating that each of these touchings was intentional, was conducted with sexual overtones, and was unwelcome. These factual assertions constituted substantial evidence that Hayes committed a battery. Surrency, 489 So.2d at 1104.
To succeed on a claim alleging invasion of privacy relating to sexual harassment, a plaintiff must show: (1) that the matters intruded into are of a private nature; and (2) that the intrusion would be so offensive or objectionable that a reasonable person subjected to it would experience outrage, mental suffering, shame, or humiliation. Busby v. Truswal Systems Corp., 551 So.2d 322, 323 (Ala.1989). While asking a co-employee for a date and making sexual propositions usually do not constitute an invasion of privacy, see McIsaac v. WZEW-FM Corp., 495 So.2d 649, 651 (Ala.1986), extensive inquiries into one’s sex life or looking up one’s skirt may constitute an invasion of privacy, see Phillips v. Smalley Maintenance Services, 435 So.2d 705, 709 (Ala.1983); Restatement (Second) of Torts § 652B cmt. c, ex. 7.
Turner presented evidence indicating that Hayes made several lewd comments and asked Turner to meet him outside of work hours for other than business purposes. Further, Turner presented evidence indicating that Hayes looked up her skirt on more than one occasion. These factual assertions constituted substantial evidence that Hayes committed an invasion of privacy. Phillips, 435 So.2d at 709.

B. Employer’s Liability for Intentional Torts

An employer is liable for the intentional torts of its employee if: (1) the employee’s acts are committed in furtherance of the business of the employer; (2) the employee’s acts are within the line and scope of his employment; or (3) the employer participated in, authorized, or ratified the tortious acts. Potts v. BE&K Constr. Co., 604 So.2d 398, 400 (Ala.1992). This Court has stated that tortious acts furthered an employer’s business where, for example, a defendant undertaker refused to release the body of the plaintiffs husband until the plaintiff had paid for services rendered, Levite Undertakers Co. v. Griggs, 495 So.2d 63 (Ala.1986), and where the defendant used threatening or abusive behavior in an attempt to coerce the plaintiff into dropping his claim, National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133 (Ala.1983). In contrast, where a co-employee defendant’s behavior is aimed at “satisfying [the co-employee’s] own lustful desires,” this Court has held that “no corporate purpose could conceivably be served.” Busby, 551 So.2d at 327. Turner’s evidence of Hayes’s alleged battery and invasion of privacy indicates that Hayes’s alleged conduct was aimed solely at satisfying his own lustful desires. Thus, Turner failed to present substantial evidence on which Atmore Hospital could be liable for a battery or invasion of privacy by Hayes on the grounds that his conduct furthered the hospital’s business.
An employee’s tortious acts occur within the scope of his employment if the acts are “so closely connected with what the servant is employed to do and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment.” Prosser & Keeton, The Law of Torts 503 (5th ed.1984). In Big B, Inc. v. Cottingham, 634 So.2d 999, 1002 (Ala.1993), this Court held that there was sufficient evidence that a store manager who falsely imprisoned a customer suspected of shoplifting was acting within the scope of his employment because preventing shoplifting was closely related to his employment as a store manager. In contrast, where the store manager forced the customer to perform a sexual act with him, this Court has held that the manager was acting outside the scope of his employment. Id. at 1002; see also Hendley v. Springhill Mem’l Hosp., 575 So.2d 547 (Ala.1990) (holding that a hospital is not liable for the unauthorized sexual touching by an agent). Turner’s evidence of Hayes’s alleged battery and invasion of privacy shows that his conduct was entirely personal in nature and not within his assigned duties. *1195 Thus, Turner failed to present substantial evidence on which Atmore Hospital could be liable for these claims on the grounds that Hayes’s conduct was within the line and scope of his duties.
An employer is also liable for the intentional torts of the employee if the employer ratifies the employee’s conduct. Potts, 604 So.2d at 400. An employer ratifies conduct if: (1) the employer has actual knowledge of the tortious conduct; (2) based on this knowledge, the employer knew the conduct constituted a tort; and (3) the employer failed to take adequate steps to remedy the situation. Id. “Adequate” means that the employer took reasonable and necessary steps to stop the tortious conduct. Id. at 401. In Mardis v. Robbins Tire & Rubber Co., 669 So.2d 885, 889 (Ala.1995), this Court held that a plaintiff presented substantial evidence of inadequate corrective action by an employer by showing that the employer failed to investigate or reprimand the co-employee accused of assault and battery. In contrast, where the specific tortious conduct stops after corrective action by the employer, this Court has held that the corrective action is adequate as a matter of law. Potts, 604 So.2d at 401. Turner’s evidence of Hayes’s alleged battery and invasion of privacy shows that this conduct stopped after Turner reported the conduct to Henley and Henley ordered Hayes to cease such conduct.
Nevertheless, Turner contends that after Henley reprimanded Hayes, Hayes took two subsequent actions toward her: (1) he withheld her computer password and her time card; and (2) he threw a box of computer labels toward her that landed near her feet. Even though Henley ordered Hayes to give Turner the password and time card, and even though Hayes did so, Turner argues that Atmore Hospital’s corrective actions were inadequate to stop Hayes from subsequently throwing the box of labels in her direction. While such assertions might challenge the adequacy of the hospital’s corrective action with respect to some torts, they do not challenge its adequacy with respect to the torts set forth in Turner’s complaint— battery and invasion of privacy. See Martin v. Fidelity & Cas. Co. of New York, 421 So.2d 109, 111 (Ala.1982) ( [I]t is for the plaintiff and not the court to articulate the claims forming a basis for relief.”). Hayes’s alleged withholding of Turner’s password and time card and his alleged throwing of a box of labels toward Turner without the box hitting her did not include an offensive touching, and thus, did not constitute battery. See Currency, 489 So.2d at 1104; Restatement (Second) of Torts § 18 (1965). Further, because these alleged subsequent actions did not involve extensive inquiries into Turner’s sex life, looking up her skirt, or other egregious intrusions into private matters, they did not constitute invasion of privacy. See Phillips, 435 So.2d at 709; Restatement (Second) of Torts § 652B cmt. c, ex. 7. Because these actions would not support a finding of the specific torts pleaded against Hayes, they also provide no basis for holding Atmore Hospital liable for Hayes’s alleged battery and invasion of privacy.
Therefore, we reverse that portion of the judgment of the Court of Civil Appeals holding that the summary judgment in favor of Atmore Hospital as to the battery and invasion of privacy claims was improper, and we remand.
REVERSED AS TO THE BATTERY AND INVASION-OF-PRIVACY CLAIMS AGAINST THE DEFENDANT ATMORE HOSPITAL; AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, COOK, and LYONS, JJ., concur.

. Turner contends that Atmore Hospital is procedurally barred from denying that Hayes was its agent when he allegedly committed the tortious acts. Specifically, Turner contends that the lack of agency is an affirmative defense that must be pleaded in the defendant’s answer, or else it is waived. Atmore Hospital’s answer provided a general denial of agency, not a specific affirmative denial. Rule 8(c), Ala. R. Civ. P., provides in pertinent part:
"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judi-cata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense."
(Emphasis added.) "An affirmative defense is defined as 'new matter which, assuming the complaint to be true, constitutes a defense to it.' ” Bechtel v. Crown Cent. Petroleum Corp., 451 So.2d 793, 795 (Ala.1984) (emphasis added) (citation omitted). Accord 2A J. Moore, Moore's Federal Practice § 8.27 (2d ed.1982) (stating that an affirmative defense concerns matters outside the claimant's prima facie case). The averment in Turner's complaint that Hayes was the agent of Atmore Hospital when he allegedly committed the tortious acts cannot be assumed true if At-more's defense is that Hayes was not its agent when he allegedly committed the tortious acts. Therefore, Atmore Hospital’s denial of an agency relation with Hayes is not an affirmative defense because it is not external to the plaintiff's claims againsL Atmore. Instead, agency is an essential internal element of Turner's claims. See Porto v. Peden, 233 F.Supp. 178, 180 (W.D.Pa.1964) (stating that the denial of agency is a negative defense, not an affirmative defense); Sterrett v. Milk River Production Credit Ass’n, 234 Mont. 459, 463-64, 764 P.2d 467, 469-70 (1988) (slating that the denial of agency is not an affirmative defense). Thus, Atmore Hospital's general denial of agency was sufficient to preserve its opportunity to contest Hayes's agency at the summary judgment stage and on appeal.