[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 887 
Betty Mardis appeals from a summary judgment entered for the defendant, Robbins Tire Rubber Company ("Robbins"), in an action alleging sexual harassment. Mardis, a former employee of Robbins, alleged that she had been subjected to sexual harassment by her supervisor, Wade Agee. She sued Agee, Mike Wann,[1] and Robbins on December 2, 1992, alleging that Agee, individually and/or as agent of Robbins, had committed assaults and batteries upon her, had invaded her privacy, and had committed the tort of outrageous conduct against her. She also alleged that Robbins, in addition to being vicariously liable for Agee's conduct, had negligently supervised Agee and had negligently failed to train its supervisory personnel in handling sexual harassment complaints and providing a means for employees to present their complaints. Robbins moved for a summary judgment, arguing that Mardis's claims were barred in part by the statute of limitations, or, in the alternative, that Robbins should not be held vicariously liable for Agee's alleged conduct, because, it claimed, it had had no knowledge of Agee's alleged conduct. Robbins also argued that it was not guilty of negligent supervision and training. The trial court granted Robbins's motion. It made Robbins's summary judgment final pursuant to Rule 54(b), Ala.R.Civ.P. Mardis appealed. Mardis's claims against Agee are still pending before the trial court.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala. 1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This Court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc.,613 So.2d 359 (Ala. 1993).
Viewing the evidence in a light most favorable to Mardis, we find that the evidence suggests the following: Mardis began work at Robbins in 1979. In June 1990, she became a supervisor in the tile packing department at Robbins's plant number two. In August 1990, Agee was promoted to the job *Page 888 
of superintendent of packaging and molding and became Mardis's immediate supervisor.
On the morning of December 5, 1990, Mardis was at the back of the plant with some of her employees. As she returned to the front of the plant, someone came for her and told her that Agee was looking for her because an employee had been hurt. When she returned, Agee began cursing her. As Mardis attempted to explain where she had been, Agee cursed her again, causing her to become upset. She began crying and told Agee, "Wade, I'll quit. I would quit before I stand here and let you keep continuously doing this to me." She then turned and walked to the office of Don Blazer, the plant personnel manager, and told Blazer that she needed to talk with him. Blazer replied, "Okay." Because Blazer had someone in his office, Mardis told him she needed to go home and that she would come back later. She telephoned later and told Blazer that she had a dental appointment and that she would come back after her appointment.
When Mardis returned that afternoon, she was not allowed into the plant. After Mardis made several telephone calls to Blazer, Blazer allowed Mardis to enter the plant. Blazer told her that Agee had said that she had quit that morning. Mardis explained that she had not quit. Blazer then stated, "Wade Agee told me that you had quit, and I've got to believe him, Betty, because he's your superintendent and I'll believe him before I will you." Mardis then explained to Blazer how Agee had sexually harassed her since August.
In support of its motion for summary judgment, Robbins presented testimony of Don Blazer to dispute Mardis's recitation of the events that took place that day. Blazer testified that when Mardis came to his office that morning, she told him that she had quit. Blazer also testified that Agee came to his office shortly thereafter and told him that Mardis had quit. Blazer testified that Mardis never informed him of any sexual harassment by Agee.
The record also indicates that in January 1991, Mardis's claim for unemployment compensation benefits was denied. Mardis appealed the denial of benefits. The appeals referee reversed and awarded her benefits, finding, "There was insufficient evidence to establish that Mardis voluntarily left her employment and . . . even if she had left voluntarily, she would have had good cause for leaving, that being sexual harassment and being cursed by her supervisor." Mardis filed this action on December 2, 1992.
We must first determine whether Mardis's claims are time-barred, at least in part, by the statute of limitations.
The statutory period of limitations for all of Mardis's claims is two years. Ala. Code 1975, § 6-2-38(l) ("actions for injury to the person or rights of another") and (n) ("actions commenced to recover damages for injury to the person . . . wherein a principal or master is sought to be held liable . . . under the doctrine of respondeat superior"). Mardis alleges that Agee's conduct was an ongoing and continuing tort and that her action was not barred by the statute of limitations. Robbins, on the other hand, argues that the only conduct that can form the basis of Mardis's action is the alleged conduct occurring between December 2 and December 5, 1990, and that any conduct that took place before December 2 is time-barred. We agree with Robbins.
In this case, Agee became Mardis's supervisor in August 1990. She alleges that while she was working for Agee, he touched her in an offensive manner, made lewd and offensive comments to her, and cursed her on numerous occasions from August 1990 until her employment ended on December 5, 1990. Mardis filed this action on December 2, 1992. We hold that all acts that could be construed as acts of sexual harassment that occurred before December 2, 1990, are time-barred. Ala. Code 1975, §6-2-38(l). However, those acts that occurred between December 2, 1990, and December 5, 1990, are not barred by the statute of limitations.
We note that Mardis's claims against Agee are still pending before the trial court. Thus, we see no need to address her claims against Agee alleging assault and battery, invasion of privacy, and/or outrageous conduct. Therefore, we next turn to the issue whether Mardis presented substantial evidence *Page 889 
that Robbins ratified Agee's alleged conduct, so as to preclude a summary judgment in favor of Robbins.
For an employer to be held liable for the intentional torts of its agent, the plaintiff must offer evidence (1) that the agent's wrongful acts were committed in the line and scope of the agent's employment; or (2) that the acts were committed in furtherance of the business of the employer; or (3) that the employer participated in, authorized, or ratified the wrongful acts. Potts v. BE K Constr. Co., 604 So.2d 398, 400 (Ala. 1992). The employer is directly liable if it authorizes or participates in the employee's acts or ratifies the employee's conduct after it learns of the action. Potts v. BE K Constr.Co., 604 So.2d at 400.
In order to show that Robbins ratified Agee's conduct, Mardis must show that Robbins expressly adopted Agee's behavior or that Robbins implicitly approved of it. This Court further stated in Potts that in addition to proving the underlying tortious conduct of an offending employee, a complaining employee must show that the employer (1) had actual knowledge of the tortious conduct of the offending employee and that the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon this knowledge, the employer knew, or should have known, that such conduct constituted sexual harassment and/or a continuing tort; and (3) that the employer failed to take "adequate" steps to remedy the situation. Potts v. BE K Constr. Co., 604 So.2d at 400.
First, Mardis argues that Robbins is liable for Agee's conduct because, she says, Robbins had actual knowledge of Agee's conduct when she told Blazer of it on the afternoon of December 5, 1990. Second, Mardis argues that Blazer testified that he believed the conduct she told him of would have constituted sexual harassment and that if he had known of Agee's conduct, he would have taken corrective measures against Agee.
Finally, Mardis argues that because Blazer chose to believe Agee when Agee told him that Mardis had quit rather than to investigate whether Mardis's allegations against Agee had any merit, Robbins failed to take "adequate" steps to remedy the situation.
We agree with Mardis that there is a genuine issue of material fact concerning Mardis's alleged reporting of the sexual harassment to Robbins. A jury could find that she reported the harassment and that Robbins's failure to investigate her allegations constituted ratification of Agee's alleged conduct. Of course, a jury could also find that Mardis did not report the harassment to Blazer, as she contends, and, therefore, that Robbins had no knowledge of the harassment; in such a case there could be no ratification. We hold that there is a genuine issue of material fact as to whether Robbins had "actual knowledge" of Agee's alleged tortious conduct and as to whether Robbins "ratified" Agee's conduct.
Finally, we must determine whether there is a genuine issue of material fact with regard to the issue of negligent training and supervision.
In Big B, Inc. v. Cottingham, 634 So.2d 999, 1003 (Ala. 1993), citing Thompson v. Havard, 285 Ala. 718, 723,235 So.2d 853 (1970), this Court stated that in the master and servant relationship, the master is held responsible for the servant's incompetency when notice or knowledge, either actual or presumed, of the incompetency has been brought to the master. For the master to be held liable for the servant's incompetency, it must be affirmatively shown that had the master exercised due and proper diligence, the master would have learned of the incompetency. This may be done by showing specific acts of incompetency and showing that they were brought to the knowledge of the master, or by showing them to be of such a nature, character, and frequency that the master, in the exercise of due care, must have had notice of them. While specific acts of alleged incompetency cannot be shown to prove that the servant was negligent in doing or omitting to do the act complained of, it is proper, when repeated acts of carelessness and incompetency of a certain character are shown on the part of the servant, to leave it to the jury to determine whether they would have come to the master's knowledge had the master exercised ordinary care. *Page 890 
Assuming Mardis has been damaged by the acts of Agee, she has not established that the damage occurred because of any incompetency on Agee's part for which Robbins might conceivably be liable. She has shown only that Robbins may have received notice of Agee's alleged incompetency on December 5, 1990, the last day of her employment with Robbins. She did not report Agee's conduct to Robbins before that date. This may be sufficient to survive a summary judgment motion as to claims of liability based on Robbins's ratification of Agee's conduct, but it is insufficient to allow her to present this issue to a jury on the issue of negligent training and supervision.
Accordingly, we affirm the summary judgment in favor of Robbins as it relates to the claim of negligent supervision and training. We reverse it as it relates to Mardis's claims seeking to hold Robbins vicariously liable for Agee's alleged assault and battery, invasion of privacy, and outrage. We remand the case for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES,* HOUSTON,* KENNEDY, and COOK, JJ., concur.
MADDOX and BUTTS, JJ., concur in part and dissent in part.
[1] Mike Wann is a supervisory employee of Robbins. The trial court entered a summary judgment in favor of Wann. However, Mardis did not appeal from that judgment.
* Justice Shores and Justice Houston did not sit for oral argument, but Justice Shores listened to the tape of the oral argument on May 17, 1995, and Justice Houston listened to the tape of the oral argument on May 5, 1995.