[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1186 
The plaintiff, Diane Turner, appealed from a partial summary judgment entered in favor of defendant Michael Hayes and a summary judgment entered in favor of defendants Atmore Community Hospital and Lavon Henley. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. This case was assigned originally to another judge; it recently was reassigned. We affirm in part, reverse in part, and remand.
Turner was employed by the Hospital from mid-October 1992 through May 20, 1994. Hayes was her supervisor. Henley is the administrator of the Hospital and is Hayes's supervisor. Turner alleges that after she began working for the Hospital, she experienced difficulties with Hayes that she describes as sexual harassment. Turner says that after she reported these problems to Henley, Hayes stopped the behavior about which she had complained, but she says that she then encountered other problems with him. Finally, Turner alleged that Hayes threw a box of computer labels at her and that she then left her job with the Hospital.
Turner sued Hayes, Henley, and the Hospital, claiming that Hayes had subjected her to sexual harassment (a claim the parties and the trial court have treated as a claim of outrageous conduct), committed a battery upon her, and invaded her privacy. Turner also claimed that Hayes was the agent of Henley and the Hospital at the time the alleged outrageous conduct, battery, and invasion of privacy occurred. All of the defendants moved for a summary judgment, supported by appropriate evidentiary materials. Turner submitted a brief and evidentiary materials in opposition, including her own affidavit and the affidavit of a coworker at the Hospital. Henley and the Hospital moved to strike both affidavits. The trial court allowed Turner's affidavit, but struck the affidavit of her coworker. The trial court then entered a summary judgment in favor of Hayes as to Count One of Turner's complaint, which count alleged outrageous conduct, and a summary judgment in favor of Henley and the Hospital as to all of Turner's claims against them. The trial court made the summary judgments final pursuant to Rule 54(b), Ala. R. Civ. P.
Turner contends that she presented substantial evidence as to all of her claims and thus precluded the entry of a summary judgment against her. She also contends that the trial court erred in striking the affidavit of her coworker.
Our standard for reviewing summary judgments is well settled. The summary judgments were proper if there was no genuine issue of material fact and the defendants were entitled to judgments as a matter of law. Rule 56, Ala. R. Civ. P. The defendants had the burden to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to judgments as a matter of law. Long v. Jefferson County,623 So.2d 1130 (Ala. 1993). If the defendants made that showing, then the burden shifted to Turner to present evidence creating a genuine issue of material fact, so as to avoid the entry of judgments against her. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the "substantial evidence" rule. § 12-21-12, Ala. Code 1975. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Westv. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
We first address Turner's claim that Hayes's behavior in the workplace constituted outrageous conduct. Turner has alleged, *Page 1187 
among other things, that Hayes fondled his genital area in her presence, that he poked her and other female employees under their armpits near their breasts, that he put his hands on her waist and rubbed against her as he passed through a doorway, that he touched her leg, that he frequently questioned her about her "private life" and asked if she was seeing anyone, that he frequently asked her to meet him somewhere after work for "other than business purposes," that he uttered sexual innuendos to her, and that he had tried to look up her skirt. Hayes denies Turner's allegations. Turner says that she tried, unsuccessfully, to handle the situation herself, but that on May 4, 1994, she and another employee complained to Henley about Hayes's behavior. The record reflects that Henley began investigating their complaints and instructed Turner to report directly to him for supervision. Thereafter, Turner says, Hayes confiscated her time card and withheld from her a computer password that she needed to perform her job. Turner said she again complained to Henley and that Henley instructed Hayes to return the time card and to give her the password. On May 20, the day on which Turner says Hayes threw the computer labels at her, she states that she was "stressed out" and "at the end of [her] rope." She reported the computer label incident to Don White, another hospital administrator, to whom she had been directed to report while Henley was away from the Hospital on vacation. Turner says that when White took no action to resolve the problem, she left because she no longer could tolerate the situation at work.
The issue here is whether Turner produced substantial evidence indicating that Hayes engaged in conduct "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society," and if so, whether Turner produced substantial evidence that because of Hayes's actions, she suffered emotional distress "so severe that no reasonable person could be expected to endure it." American Road Serv.Co. v. Inmon, 394 So.2d 361, 365 (Ala. 1980). Traditionally, our supreme court has applied the Inmon test strictly, allowing a claim for outrageous conduct to go to the jury only in an egregious case. See Thomas v. BSE Indus. Contractors,Inc., 624 So.2d 1041 (Ala. 1993), and cases cited therein.
In recognizing the tort of outrageous conduct, our supreme court made it clear that it is a limited remedy to be applied only in flagrantly egregious circumstances. Although we in no way condone Hayes's alleged conduct, we conclude, after reviewing the evidence in the light most favorable to Turner, that Hayes's alleged behavior was not so extreme that it rises to the level necessary to establish a cause of action for the tort of outrageous conduct. See McIsaac v. WZEW-FMCorp., 495 So.2d 649 (Ala. 1986), in which our supreme court held that requests by a male employer that a female employee have dinner with him, kiss him, and have an affair with him did not support a claim of outrageous conduct. Furthermore, the evidence does not reflect that Turner suffered the severity of emotional distress contemplated in Inmon and its progeny. Turner says that Hayes's behavior was offensive to her, made her uncomfortable, bothered her, and made it difficult for her to do her job. There is no evidence, however, that her emotional distress was so severe that no reasonable person could be expected to endure it. The summary judgments were proper as to Turner's claim of outrageous conduct against all defendants.
We note that Turner argues that our supreme court's decision inMardis v. Robbins Tire Rubber Co., 669 So.2d 885
(Ala. 1995), indicates a shift by that court toward a willingness to find that sexual harassment in the workplace constitutes the tort of outrageous conduct. In that case, the plaintiff, Mardis, appealed a summary judgment entered in favor of her employer in her action alleging sexual harassment. Like Turner, Mardis claimed sexual harassment, alleging that her supervisor had committed a battery upon her, had invaded her privacy, and had committed the tort of outrageous conduct against her. She also claimed that her employer was vicariously liable for the supervisor's conduct. In Mardis, however, the trial court did not enter a summary judgment for the supervisor on any of Mardis's claims, including that *Page 1188 
of outrageous conduct. The issue whether the supervisor's conduct met the Inmon test for outrageous conduct was not before the supreme court and it specifically did not address that claim.
We next address Turner's other claims. The trial court refused to enter a summary judgment as to Turner's claims of battery and invasion of privacy against Hayes; those claims remain pending. Turner argues that the trial court erred in entering a summary judgment for Henley and the Hospital as to those claims, because, she says, Hayes was the employee and agent of both Henley and the Hospital and Henley and the Hospital ratified, approved, or authorized Hayes's conduct. In addressing Turner's arguments, we consider separately her claims against Henley and her claims against the Hospital.
Turner alleged that Hayes was Henley's agent as well as the agent of the Hospital. While it is undisputed that Henley had supervisory authority over Hayes, there is no evidence that Hayes was Henley's agent personally or that he was employed by Henley. As a general rule, corporate employees are liable personally for the wrongful action of the company or its other employees only if they personally participate in the tort. See, e.g., Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC,Inc., 496 So.2d 774 (Ala. 1986). Turner clearly states that Henley never sexually harassed her. We find no evidence in the record indicating that Henley personally participated in any form of sexual harassment against Turner or any other employee. Furthermore, we can find no basis upon which to infer that Hayes was Henley's agent. Turner cites no authority in support of her agency argument as to Henley, and we find no authority that would support a finding of an agency relationship between coemployees. The summary judgment was proper as to Turner's claims of battery and invasion of privacy against Henley personally.
We now turn to Turner's claims against the Hospital. Turner argues that Hayes was the agent of the Hospital. Our supreme court has summarized the rules of agency as follows:
 "As was stated in Cordes v. Wooten, 476 So.2d 89 (Ala. 1985): `It is elementary that the test of agency is the right of control, whether exercised or not, and that is a question for the trier of fact if the evidence is in dispute.' For one to be an agent, the other party must retain the right to direct the manner in which the business shall be done, as well as the results to be accomplished, or, in other words, not only what shall be done, but how it shall be done."
Brown v. Commercial Dispatch Publishing Co.,504 So.2d 245, 246 (Ala. 1987) (citations omitted). Agency is determined by the evidence as a whole, not necessarily by how the parties characterize their relationship. Campbell v. Employers Ins.Co., 521 So.2d 924 (Ala. 1988). As a general rule, the question of agency is a question of fact for determination by a jury, and a summary judgment on the question of agency is generally inappropriate. Cheatham v. General MotorsCorp., 456 So.2d 1101 (Ala.Civ.App. 1984).
Henley testified that, in his capacity as the administrator of the Hospital, he was Hayes's direct supervisor and that Hayes was accountable to him. He also responded affirmatively to the question: "Are you the one who is charged with having control of the activities of Michael Hayes here at this hospital within the line and scope of his employment?" Henley also stated that if he was aware of Hayes's "doing things that were inappropriate within this hospital, [he] would be the person that would be charged with confronting him with that matter." We conclude that there is a genuine issue of material fact as to whether Hayes was the Hospital's agent. Because we hold that Turner should have the opportunity to present her agency claim to a jury, we need not reach her argument that the absence of an agency relationship should be treated as an affirmative defense that must be specifically pleaded pursuant to Rule 8(c), Ala. R. Civ. P.
We must now decide whether Turner presented substantial evidence that the Hospital ratified Hayes's alleged conduct so as to preclude a summary judgment in favor of the Hospital on her claims of battery and invasion *Page 1189 
of privacy. In Mardis, our supreme court addressed the issue of an employer's vicarious liability in a similar situation:
 "For an employer to be held liable for the intentional torts of its agent, the plaintiff must offer evidence (1) that the agent's wrongful acts were committed in the line and scope of the agent's employment; or (2) that the acts were committed in furtherance of the business of the employer; or (3) that the employer participated in, authorized, or ratified the wrongful acts. Potts v. BE K Constr. Co., 604 So.2d 398, 400 (Ala. 1992). The employer is directly liable if it authorizes or participates in the employee's acts or ratifies the employee's conduct after it learns of the action. Potts v. BE K Constr. Co., 604 So.2d at 400.
 "In order to show that Robbins ratified Agee's conduct, Mardis must show that Robbins expressly adopted Agee's behavior or that Robbins implicitly approved of it. This Court further stated in Potts that in addition to proving the underlying tortious conduct of an offending employee, a complaining employee must show that the employer (1) had actual knowledge of the tortious conduct of the offending employee and that the tortious conduct was directed at and visited upon the complaining employee; (2) that based upon this knowledge, the employer knew, or should have known, that such conduct constituted sexual harassment and/or a continuing tort; and (3) that the employer failed to take `adequate' steps to remedy the situation. Potts v. BE K Constr. Co., 604 So.2d at 400."
669 So.2d at 889.
Regarding Turner's claim of invasion of privacy, the trial court held that because Henley and the Hospital "undertook immediate, necessary and corrective action to cause the alleged conduct to be discontinued," a summary judgment was due to be granted in their favor as to that claim. Regarding Turner's claim of battery, the trial court held that because there was "no evidence of the character and substance from which it might be inferred Hayes' alleged battery of Turner was in any way ratified or tolerated by Henley or [the Hospital]," a summary judgment was due to be granted in their favor as to that claim. Although Turner agrees that after May 4 Hayes discontinued the conduct about which she had complained to Henley, the record reflects that Hayes then retaliated against her by withholding her time card and computer password and that further intervention by Henley was necessary. Shortly thereafter, Turner testified, Hayes threw a box of labels at her during Henley's absence from the Hospital, and she stated that on that occasion the Hospital did nothing to intervene on her behalf, despite her complaint. We conclude that there is a genuine issue of material fact as to whether the Hospital took "adequate" steps to remedy Turner's situation, and, if it did not, whether its failure to adequately remedy the problem constituted a ratification of Hayes's conduct. See Mardis,669 So.2d at 888-89; Busby v. Truswal Systems Corp.,551 So.2d 322 (Ala. 1989).
Viewing the evidence in the light most favorable to Turner, we conclude that she presented substantial evidence that created genuine issues of material fact regarding whether Hayes was the Hospital's agent and whether the Hospital ratified Hayes's conduct; therefore, a summary judgment in the Hospital's favor was inappropriate as to all claims except that of outrageous conduct. The summary judgment procedure is not a substitute for a trial on disputed issues of fact, and it cannot be used to deprive a litigant of a proper trial to resolve genuine issues of material fact. Duckett v. Wilson Hotel ManagementCo., 669 So.2d 977 (Ala.Civ.App. 1995). Because we reverse the summary judgment as to the Hospital on all claims except outrageous conduct, we need not address Turner's argument that the trial court should not have granted the motion to strike the affidavit of her coworker.
We note that the Hospital and Henley have argued in their brief that the trial court should have stricken certain evidentiary materials Turner submitted in opposition to their motions for summary judgment. They first argue that those materials should be disregarded because they were submitted on the day of the scheduled hearing *Page 1190 
on their summary judgment motion. Rule 56(c)(2), Ala. R. Civ. P., provides that any statement or affidavit in opposition to a motion for a summary judgment is to be served upon the opposing party at least two days before the hearing. Nevertheless, Rule 6(d), Ala. R. Civ. P., qualifies Rule 56(c)(2) by conferring upon the trial court the discretion to either permit or refuse to consider an untimely affidavit or other submission. Speerv. Pin Palace Bowling Alley, 599 So.2d 1140 (Ala. 1992). The trial court had the discretion to consider the evidence filed by Turner.
The Hospital and Henley also argue that Turner's affidavit and records from her unemployment compensation hearing were inadmissible. The trial court considered a motion from the Hospital and Henley to strike Turner's affidavit, but determined that it was admissible. We have reviewed the affidavit, in which Turner discusses a conversation she says she had with Henley, and we see no error in the trial court's decision. The Hospital and Henley filed a motion in limine regarding the unemployment compensation records, but the trial court never ruled on that motion. There is no indication in the record that the trial court considered those records in entering the summary judgment. We need not decide whether those records are admissible, because even if they are not, we will presume that the trial court disregarded any inadmissible evidence and considered only admissible evidence. Thrasher v. Thrasher,674 So.2d 595 (Ala.Civ.App. 1995).
The summary judgments were appropriate as to Turner's outrageous conduct claim against all defendants and as to her other claims against Henley personally; they are affirmed as to those claims. The remainder of the judgment in favor of the Hospital, i.e., the portion favoring the Hospital on the battery and invasion of privacy claims, is reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.