WOODALL, Justice.
Stephen S. Weldon and his parents, Joe H. Weldon and Bernella S. Weldon (hereinafter referred to collectively as the “Wel-dons”), appeal from a summary judgment entered in favor of Bernice Cotney in Cot-ney’s action against the Weldons.[1] We vacate the summary judgment in part, reverse it in part, and remand.
This dispute arises out of the execution by Cotney of two warranty deeds to property in Tallapoosa County. Both deeds were executed on March 27, 2000. One deed conveyed fee-simple title in two parcels of the real estate to Stephen Weldon. The other deed conveyed fee-simple title in eight parcels of the real estate to Joe and Bernella Weldon, as joint tenants with right of survivorship.
On May 25, 2000, Cotney sued the Wel-dons, seeking a judgment setting aside the conveyances and awarding compensatory and punitive damages. Count one of her three-count complaint contained the following allegations:
“4. No consideration was paid by the Defendants to the Plaintiff for the transfer of the properties named [in the deeds]....
“5. The Plaintiff would show that the Defendants have not contributed to the support of the Plaintiff in any manner as envisioned by § 8-9-12, Code of Alabama, 1975....”
On July 5, 2000, she amended her complaint to add averments to count one, including the following:
“18. A material part of the consideration for the execution of these deeds was the Defendants’ agreements to support the Plaintiff during her lifetime.
*532 “19. Plaintiff would show that the Defendants have not contributed to her support and that pursuant to § 8-9-12, Code of Alabama, 1975, she is [seeking] to annul these conveyances and [to] return ownership of her property to her.”
On July 21, 2000, the Weldons filed, in connection with a discovery dispute in the action, the affidavit of Joseph T. Scarborough, Jr., Stephen Weldon’s law partner. Among other things, the affidavit recounted the circumstances under which the deeds were executed.[2] On July 26, 2000, Cotney moved for a summary judgment on count one of her complaint, which was based on § 8-9-12 (“the count-one claim”).
On August 22, 2000, the trial court conducted a hearing on all pending motions, including Cotney’s summary-judgment motion. On September 8, 2000, the Weldons filed a “Memorandum of Law in Opposition to Summary Judgment.” It was accompanied by a number of affidavits, including those of Bernella Weldon, Joe Weldon, and Stephen Weldon. It was also accompanied by a copy of the Scarborough affidavit that had been filed on July 21.
On September 20, 2000, the trial court granted Cotney’s summary-judgment motion. The court’s order stated, in pertinent part:
“For purposes of this Order the court will consider the motion for summary judgment along with the supporting affidavits filed by plaintiff, the argument of counsel made at the hearing and [the Weldons’] post-hearing brief. However, the court is of the opinion that it is precluded from considering the affidavits attached to [the Weldons’] brief.
“Count one of the complaint and the amendment to the complaint allege that a material part of the consideration for conveying extensive property to defendants was the defendants’ promise to support plaintiff for life. Both deeds state consideration as follows:
“ ‘... for and in consideration of the sum of One Hundred and 00/100 ($100.00) Dollars and other good and valuable considerations the receipt and sufficiency of which is hereby acknowledged .... ’
“It is clear that no other monetary consideration was given to plaintiff....
“Section 8-9-12, Code of Alabama provides:
“ ‘Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, hen-ees, and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance.’
“It is clear therefore that by filing the complaint in this case the grantor has instituted proceedings to annul the conveyances in this case. Plaintiff is entitled to summary judgment as to count one and the amended complaint insofar as the amended complaint addresses the consideration for conveyance.”
(Emphasis added.)
On October 13, 2000, the trial court certified the order as a final judgment, pursuant to Ala. R. Civ. P. 54(b). The Weldons appealed. On appeal, they present two issues that merit discussion. First, they contend that the trial court erred in refusing to consider the affidavits they submitted on September 8 with their memorandum in opposition to Cotney’s summary-judgment motion. Second, they argue that Cotney presented no evidence indicating that Stephen Weldon had promised to support her in exchange for her conveying *533 the property to him. Thus, they challenge the judgment, both as it applies to Joe Weldon and Bernella Weldon, and as it applies to Stephen Weldon.
I. Joe and Bernella Weldon— The Affidavits
It is clear that the trial court did not consider the four affidavits attached to the “Memorandum of Law in Opposition to Summary Judgment” filed on September 8. It is also clear that the court believed it was “precluded” from doing so. In this latter respect, the trial court erred.
Nothing precludes a trial court from considering an affidavit submitted in opposition to a summary-judgment motion before it rules on the motion. To be sure, Ala. R. Civ. P. 56(c)(2) does prescribe that any statement or affidavit in opposition to a summary-judgment motion be filed at least two days before “the hearing” on the motion.[3] However, Rule 56(e) authorizes the court to “permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.” (Emphasis added.) Moreover, Ala. R. Civ. P. 6(d) provides in pertinent part:
“When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than one (1) day before the hearing, unless the court permits them to be served at some other time.”
(Emphasis added.) Thus, Rule 6(d) “qualifies Rule 56(c) by placing it within the trial court’s discretion to permit, or to refuse to consider, an affidavit that is untimely.” Speer v. Pin Palace Bowling Alley, 599 So.2d 1140, 1142 (Ala.1992) (emphasis added). See Turner v. Hayes, 719 So.2d 1184 (Ala.Civ.App.1997), rev’d in part on other grounds sub nom. Ex parte Atmore Community Hosp., 719 So.2d 1190 (Ala.1998). In Turner the court said:
“We note that [the appellees] have argued in their brief that the trial court should have stricken certain evidentiary materials [the appellant] submitted in opposition to their motions for summary judgment. They first argue that those materials should be disregarded because they were submitted on the day of the scheduled hearing on their summary judgment motion. Rule 56(c)(2), Ala. R. Civ. P., provides that any statement or affidavit in opposition to a motion for a summary judgment is to be served upon the opposing party at least two days before the hearing. Nevertheless, Rule 6(d), Ala. R. Civ. P., qualifies Rule 56(c)(2) by conferring upon the trial court the discretion to either permit or refuse to consider an untimely affidavit or other submission.... The trial court had the discretion to consider the evidence filed by [the appellant].”
719 So.2d at 1189-90 (emphasis added). See also Middaugh v. City of Montgomery, 621 So.2d 275, 279 (Ala.1993) (“Rule 6(d) ... allows the trial court discretion to permit the service of affidavits that might otherwise be untimely, and its decision to accept such affidavits will not be reversed absent an abuse of discretion.”).
Whether to consider the affidavits filed on September 8 was a matter committed to the sound discretion of the trial court.[4] *534 Because the court was operating under the erroneous assumption that it was “precluded” from considering those affidavits, its summary judgment is vacated insofar as it related to the conveyance to Joe Weldon and Bernella Weldon, and the cause is remanded for the trial court to exercise its discretion with respect to the Weldons’ affidavits.[5]

II. Stephen Weldon

“On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact ... and that the movant is entitled to a judgment as a matter of law.” Attorneys Ins. Mut. of Alabama, Inc. v. Smith, Blocker & Lowther, P.C., 703 So.2d 866, 868 (Ala.1996). Only after such a showing has been made does the burden “shift to the opposing party to establish a genuine issue of material fact.” Id.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
Cotney’s evidence consisted entirely of her own affidavit filed in support of her motion for a summary judgment. The affidavit provides in pertinent part:
“Stephen Weldon asked to borrow $150,000.00 so that he could go into partnership with [Joseph] Scarborough. When I loaned him the money, he did not sign a note or give any security for this money. In the year 1998, Bernella Weldon received approximately $8,000.00 from Savings Bonds that were in my name along with hers and of which I did not receive any amount.
“It was understood that Joe Weldon and his wife Bernella Weldon would see after the cows, approximately 250 head, and support me for as long as I lived. After my husband, Braxton Cotney, died, Joe was worried about inheritance tax. Soon after my husband’s death, and while I was still under stress and sorrow, Stephen Weldon, who was representing my husband’s estate, brought the prepared deeds to my house and showed me where to sign. I never questioned what I was signing as I felt he would do what was in my best interest. At no time did I intend to deed all of my property to Stephen Weldon, and Joe and Bernella Weldon, and in fact, I have learned through my attorney that I deeded my house to him. No monies were paid, no consideration was given and I did not intend to give it away. Subsequent to my signing this deed, I asked Joe Weldon to deed back a portion of the property because I had promised to sell it to someone else. He did so and that deed has been properly recorded in the Office of the Judge of Probate of Tallapoosa County, Alabama. When I asked him to deed back the property, he stated that that property belonged to him and Bernella.
“On or about May 3, 2000, Joe and Bernella Weldon came out to my barn and informed me that I had to sell the cows as they were not able to look after them. After that conversation, they left and I have not seen them since. They left without anybody to help me with the cows.
“I still have all the cows and my nephews Lynn and John Wilkins come to help me with the cows when they are not working at their full time jobs.”
(Emphasis added.) The emphasized portions of her affidavit compose the sum of the evidence Cotney presented in her count-one claim against Stephen Weldon.
To establish her claim against Stephen Weldon, Cotney needed to present evi *535 dence that “a material part of the consideration” for her conveyance to Stephen was “the agreement of [Stephen] to support [her] during life.” § 8-9-12, Ala.Code 1975. She does not, however, allege that Stephen agreed to do anything in consideration for the conveyance. It is undisputed that Stephen was engaged in the practice of law at the time of these events. It is not alleged that he lives with his parents, or that he joined in their alleged promise “to support [her] for as long as [she] lived.” Cotney failed to present a prima facie claim under § 8-9-12 for rescission of the conveyance to Stephen Weldon. The summary judgment is reversed insofar as it related to the conveyance to Stephen Weldon.
In summary, the judgment against Joe and Bernella Weldon is vacated. The judgment against Stephen Weldon is reversed, and the cause is remanded for further proceedings consistent with this opinion.
VACATED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON and LYONS, JJ, concur.
MOORE, C.J., and JOHNSTONE, J., concur in the result.

. Cotney is the sister of Bernella Weldon’s mother.

. The circumstances under which the deeds were executed were in sharp dispute.

. Rule 56(c)(2) states, in part: “The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing.... Subject to subpara-graph (f) of this rule, any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing.”

. As a caveat, we reiterate that, although the September 8 filings included the affidavit of Joseph Scarborough, the Scarborough affidavit was a copy of the one filed on July 21. Thus, it was indisputedly timely, and the trial court had no discretion to reject it as untimely. The trial court erred, therefore, in refusing to consider the Scarborough affidavit.

. We have considered all other arguments made by Joe Weldon and Bernella Weldon and find no merit in them.