WINSOR, J.,
concurring in judgment.
Under the Alabama law applicable here, Heartland Express could be liable for punitive damages only if the plaintiff proved Heartland- Express either (i) “knew or should have known of the unfitness- of the [driver] and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others,” or (ii) “ratified [its driver’s] wrongful conduct.” Ala. Code 6-ll-27(a).* Because the plaintiff did not present evidence from which any reasonable jury could find in his favor on this issue, the plaintiff is'not entitled to a new trial on punitive damages, and we need not consider whether the trial court should have excluded the disputed testimony.
There was no evidence that Heartland Express knew or should have known of its employee’s purported unfitness to drive. The plaintiff did introduce evidence that Heartland Express subjected the driver to a written skills test it never bothered to grade. But an ungraded test does not .prove a driver’s unfitness, much less an employer’s knowledge of it.. Nor.is the accident itself sufficient to show Heartland Express knew or should have known of its driver’s unfitness before the accident.
As to ratification, the plaintiff contends Heartland Express ratified, the driver’s conduct by not properly investigating the accident, But to. show ratification, the plaintiff must show .that the employer “expressly adopted” or. “implicitly approved of’ the tortious conduct. See Mardis v. Robbins Tire & Rubber Co., 669 So.2d 885, 889 (Ala. 1995). Although in some circumstances Alabama law considers a party’s failure to investigate when evaluating the ratification issue, see, e.g., id., the facts of this case could not support a finding of ratification.
Once the accident occurred, there was nothing . Heartland Express could do to stop it. This was not a case where the employer’s action after the tortious conduct contributed to the harm or benefited the employer. Indeed, after the accident, Heartland Express took action by immediately suspending its driver, who never drove for Heartland Express again. Cf. Ex parte Atmore Cmty. Hosp., 719 So.2d 1190, 1195 (Ala. 1998) (“[Wjhere the specific tor-tious conduct stops after corrective action by the employer, [the. Alabama Supreme] Court has held that the corrective action is adequate as a matter of law.”); Joyner v. AAA Cooper Transp., 477 So.2d 364, 365 (Ala. 1985) (concluding that employer did not ratify sexual harassment when it told offending employee that another incident would result in dismissal and no further incidents occurred). Therefore, even if Alabama law required -Heartland Express to take corrective actions to avoid ratifying *154 its driver’s conduct, Heartland Express did enough. It is unclear what more plaintiff would have had Heartland Express do.
Because the plaintiff presented no evidence to support an award of punitive damages, there was no need to grant a new trial on the issue of punitive damages. As to the issue of attorney’s fees, I agree with the majority: the parties stipulated that Alabama substantive law would apply to all issues, so the plaintiff cannot recover attorney’s fees under Florida’s substantive law.

 This statute, which the parties agree controls, also provides for punitive damages if the employer authorized the wrongful conduct or, under certain circumstances, if the employee’s acts were calculated to or did benefit the employer. The plaintiff does not contend that those provisions apply here.